■ MATTHEW A. BLOOM et al., Appellants, v. BOOTH & COWLEY, LTD., et al., Defendants, and FERGUS MOTORS et al., Respondents.— In an action to recover possession of an automobile and money damages, plaintiffs appeal from so much of a judgment of the Supreme Court, Suffolk County, made after a nonjury trial and entered April 7, 1971, as is against them and in favor of defendants Fergus Motors, J. B. Ferguson, Jr. and Leonard Belford and J. B. Ferguson, Jr., as executors of the estate of J. B. Ferguson, Sr. Judgment reversed insofar as appealed from, on the law, and a new trial granted as between the parties to this appeal, with appropriate severance of action and with costs to abide the event of the new trial. No questions of fact have been considered. In our opinion, the repeated clashes between the trial court and counsel for appellants, combined with the unusual manner in which appellants' claims were presented, almost entirely through the testimony of the attorney, do not permit us to conclude that those claims were fully and fairly presented or determined. Moreover, we think it was error to exclude testimony by the husband of plaintiff Helen A. Bloom as to conversations with the deceased, J. B. Ferguson, Sr., under CPLR 4519. The husband was not the owner of the automobile involved and there was nothing to indicate that he would gain or lose by direct legal operation of any judgment entered in this case (cf. *Payne v. Connelly*, 32 A D 2d 693; *Matter of Maira*, 23 A D 2d 957). It was also error to preclude the husband from any use of the transcript of the taped telephone call (see *People v. Applebaum*, 277 App. Div. 43, 45, affd. 301 N. Y. 738; *N. V. Simons' Metaalhandel v. Hyman-Michaels Co.*, 7 A D 2d 840). Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.